UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN M. DOUGHTY,<br><br>               Plaintiff,<br><br>   v.<br><br>JOHNATHAN B. DAVIS; DEPUTY R. MARTIN; GEM COUNTY SHERIFF'S DEPARTMENT; and STATE OF IDAHO,<br><br>               Defendants. | Case No. 1:25-cv-00529-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Sean M. Doughty's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court enters the following Order permitting Plaintiff to proceed on his Fourth Amendment excessive force claim against Defendant Johnathan B. Davis.

## 1.    Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim

for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Docket No. 3, not the documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules*

*for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b) and (c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

## 2. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the North Idaho Correctional Institution. Plaintiff's claims arose before he was arrested and incarcerated.

Plaintiff claims that, on September 13, 2024, Johnethan B. Davis and R. Martin—police officers for the Gem County Sheriff's Department—conducted a search of Plaintiff's person. Plaintiff alleges that the search "was on private property" and "was not a traffic stop." *Compl.*, Dkt. 3, at 2. Davis allegedly turned Plaintiff around and took Plaintiff's pants down to the ankles. Plaintiff asserts Davis then began "to feel around the front of [Plaintiff's] privates sexually." *Id.*

Plaintiff sues Officers Davis and Martin, as well as the Gem County Sheriff's Department and the State of Idaho. Plaintiff seeks monetary and injunctive relief. *Id.*

## 3. Discussion

### A.  *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

To bring a § 1983 claim against a local governmental entity such as the Gem County Sheriff's Department, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Though Plaintiff cites the First, Fourth, Sixth, Fourteenth, and Eighteenth Amendments, only the Fourth Amendment—applicable to the States through the Fourteenth Amendment—appears to be implicated by the allegations in the Complaint. The Fourth Amendment requires that searches and seizures be reasonable. *Soldal v. Cook County*, 506 U.S. 56, 61 (1992).

Plaintiff first appears to argue that the officers did not have a warrant. *Compl*. at 2. However, a warrant is not always required for a search or seizure. *See, e.g., Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). Without more than Plaintiff's bare assertion that police did not have a warrant, the Complaint fails to state a Fourth Amendment claim on this basis.

Plaintiff next asserts that Davis's conduct in searching him constituted sexual abuse. Claims of sexual assault during the course of an arrest are classified as "excessive force" claims under the Fourth Amendment. *See Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001).

Arresting officers may use only an amount of force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal

quotation marks omitted). This objective reasonableness standard requires that a Court "balanc[e] the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053–54 (9th Cir. 2007). The force used must be considered along with the governmental interests at stake, in light of the following factors: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Id.*

There is obviously no government interest in sexual misconduct. *Fontana*, 262 F.3d at 878–80. "Gratuitous and completely unnecessary acts of violence," including sexual abuse, "by the police during a seizure violate the Fourth Amendment." *Id.* at 880. *Graham*, 490 U.S. at 396.

Plaintiff's Complaint, liberally construed, appears to state a colorable excessive force claim against Defendant Davis based on Davis's alleged sexual abuse during the course of Plaintiff's arrest.

However, the Complaint does not state a plausible excessive force claim against any other Defendant. Plaintiff does not allege that Officer Martin participated in the alleged sexual abuse. Plaintiff states only that Martin "violated [Plaintiff's] … constitutionally protected rights." *Compl.* at 2. This is insufficient to state a claim upon which relief may be granted against Martin.

Plaintiff's claims against the Gem County Sheriff's Department are also implausible. The allegations in the Complaint do not support a reasonable inference that Davis's conduct was the result of a policy, custom, or practice of Gem County. *See Monell*, 436 U.S. at 694.

Finally, Plaintiff's § 1983 claims against the State of Idaho are implausible for two reasons. First, states and state entities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, even if the State of Idaho were a "person" for purposes of § 1983, it would be immune from suit in federal court under the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Quern v. Jordan*, 440 U.S. 332, 342–44 (1979) (holding that § 1983 does not waive state sovereign immunity); *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (holding that Idaho itself has not waived state sovereign immunity for constitutional claims).

### B.   *State Law Claims*

Plaintiff also purports to assert claims under Idaho state law. *Compl.* at 1. However, Plaintiff does not identify any such claims, other than to argue that officers "did not obtain a warrant" as required by state law. *Id.* at 2. To the extent this claim asserts a violation of the Idaho Constitution's prohibition against unreasonable searches and seizures found in Article 1, section 17, "Idaho does not recognize a direct cause of action for violations of the Idaho Constitution." *Hill v. Cnty. of Benewah*, No. 2:18-CV-00320-DCN, 2020 WL 1049905, at *7 (D. Idaho Mar. 4, 2020) (unpublished), *aff'd*, 843

F. App'x 975 (9th Cir. 2021). Accordingly, Plaintiff's state law claims are implausible and must be dismissed.

### 4.    Request for Appointment of Counsel

Plaintiff also seeks appointment of counsel. *Compl*. at 3. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Complaint, the Court does not have a sufficient basis upon which to assess the merits at this point in the proceeding. The Court also finds that Plaintiff has articulated the claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate later in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if possible.

**5.     Conclusion**

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that Plaintiff's excessive force claim against Defendant Davis is plausible, meaning that it will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses.

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED.

2.    Plaintiff may proceed on his Fourth Amendment sexual abuse claim against Defendant Davis. All other claims against all other Defendants are DISMISSED, and the Gem County Sheriff's Department, the State of Idaho, and R. Martin are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[2]

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

[2] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-

3.      Defendant Davis will be allowed to waive service of summons by
executing, or having counsel execute, the Waiver of Service of Summons
as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30
days. If Defendant chooses to return the Waiver of Service of Summons,
the answer or pre-answer motion will be due in accordance with Rule
12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the
Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of
Summons to **Erick B. Thomson, Gem County Prosecuting Attorney, 415
Main St., Emmett, Idaho, 83617**.

4.      Should any entity determine that the individuals for whom counsel for the
entity was served with a waiver are not, in fact, its employees or former
employees, or that its attorney will not be appearing for the entity or for
particular former employees, it should file a notice within the CM/ECF
system, with a copy mailed to Plaintiff, identifying the individuals for
whom service will not be waived.

5.      If Plaintiff receives a notice indicating that service will not be waived,
Plaintiff will have an additional 90 days from the date of such notice to file
a notice of physical service address of Defendant, or Plaintiff's claims may

---

existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir.
2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir.
1990) (holding that the district court erred by entering judgment against a party named in the initial
complaint, but not in the amended complaint).

be dismissed without prejudice.

6.    After Defendant appears, the Court will issue an order governing the

pretrial schedule, including disclosure and discovery in this case. *See*

General Order 343, *In Re: Adoption of a Standard Disclosure and*

*Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

7.    Each party must ensure that all documents filed with the Court are

simultaneously served upon the opposing party (through counsel if the

party has counsel) by first-class mail or via the CM/ECF system, pursuant

to Federal Rule of Civil Procedure 5. Each party must sign and attach a

proper mailing certificate to each document filed with the court, showing

the manner of service, date of service, address of service, and name of

person upon whom service was made.

8.    The Court will not consider ex parte requests unless a motion may be heard

ex parte according to the rules and the motion is clearly identified as

requesting an ex parte order, pursuant to Local Rule of Civil Practice before

the United States District Court for the District of Idaho 7.2. ("Ex parte"

means that a party has provided a document to the court, but that the party

did not provide a copy of the document to the other party to the litigation.)

9.    All Court filings requesting relief or requesting that the Court make a ruling

or take an action of any kind must be in the form of a pleading or motion,

with an appropriate caption designating the name of the pleading or motion,

served on all parties to the litigation, pursuant to Federal Rule of Civil

Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

10.   No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

11.   Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

12.   Pursuant to General Order 457, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 5, 2025

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14